UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KIM M. BATTISTA,
                                  Plaintiff,

v.                                                              5:09-CV-0572
                                                                    (TJM/GHL)
COMMISSIONER OF SOCIAL SECURITY,
                                  Defendant.
_____

APPEARANCES:                                                    OF COUNSEL:

OLINSKY & SHURTLIFF                            JAYA SHURTLIFF, ESQ.
*Counsel for Plaintiff*
300 South State Street, Suite 520
Syracuse, NY 13202-2060

SOCIAL SECURITY ADMINISTRATION        KRISTINA D. COHN, ESQ.
Office of Regional General Counsel - Region II     Special Assistant U.S. Attorney
*Counsel for Defendant*
26 Federal Plaza - Room 3904
New York, NY 10278

GEORGE H. LOWE, United States Magistrate Judge

## **REPORT-RECOMMENDATION**[1]

**I.    BACKGROUND**

    **A.    Procedural History**

On May 24, 2005, Plaintiff Kim M. Battista protectively applied for supplemental

security income ("SSI"). Administrative Transcript ("T") 83-85. On November 22, 2005, the

application was denied by the Social Security Administration. T 26-29. On November 8, 2007,

a hearing was held before an Administrative Law Judge ("ALJ"). T 649-91. On June 26, 2008, a

---

    [1] This matter was referred to me for report and recommendation by the Honorable
Thomas J. McAvoy, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and
Northern District of New York Local Rule 72.3.

second hearing was held before the ALJ. T 692-721. On August 6, 2008, the ALJ determined that Plaintiff was not disabled. T 13-21.

Plaintiff appealed to the Appeals Council. T 11. On January 9, 2009, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. T 8-10. Plaintiff commenced this action on May 15, 2009. Dkt. No. 1.

### B. The Contentions

Plaintiff makes the following claims:

1. The ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence because the ALJ failed to fully develop the record and to follow the treating physician rule. Dkt. No. 17 at 18-21.

2. The ALJ erred when he failed to acknowledge or evaluate testimony from two witnesses and failed to apply the appropriate legal standards when evaluating Plaintiff's credibility. Dkt. No. 17 at 21-24.

3. The ALJ's finding that Plaintiff can perform her past relevant work as a data entry clerk was not supported by substantial evidence. Dkt. No. 17 at 24-25.

Defendant disagrees, and argues that the decision should be affirmed. Dkt. No. 20.

## II. APPLICABLE LAW

### A. Standard for Benefits

To be considered disabled, a plaintiff seeking disability insurance benefits or supplemental security income benefits must establish that he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental

2

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, the plaintiff's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

Acting pursuant to its statutory rulemaking authority (42 U.S.C. §§ 405(a), 1383(d)(1)), the Social Security Administration ("SSA") has promulgated regulations establishing a five-step sequential evaluation process to determine disability. 20 C.F.R. § 404.1520. "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

> At the first step, the agency will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity." [20 C.F.R.] §§ 404.1520(b), 416.920(b). At step two, the SSA will find non-disability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." [20 C.F.R.] §§ 404.1520(c), 416.920(c). At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. [20 C.F.R. §§] 404.1520(d), 416.920(d). If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled.[] If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy.[] [20 C.F.R.] §§ 404.1520(f), 404.1560(c), 416.920(f), 416.9630(c).

3

*Barnhart v. Thomas*, 540 U.S. at 24-25 (footnotes omitted).

The plaintiff-claimant bears the burden of proof regarding the first four steps. *See Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002). If the plaintiff-claimant meets his or her burden of proof on all four steps, the burden then shifts to the defendant-Commissioner to prove that the plaintiff-claimant is capable of performing other jobs which exist in significant numbers in the national economy. *Id.*

### B. Scope of Review

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). A reviewing court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986. In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Ferraris v. Heckler*, 728 F.2d 582, 587-88 (2d Cir. 1984).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams o/b/o Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted). It must be "more than a scintilla" of evidence scattered throughout the administrative

record. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258 (citations omitted). However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983).

**III.   THE PLAINTIFF**

Plaintiff, who was forty-five years old at the time of the hearing, completed 1 ½ years of college, studying psychology. T 658. Plaintiff lives with her fiancee in an apartment. T 657.

Plaintiff's last full-time employment was as a clerical worker from January 1, 1995 to November 1, 1995. T 95. Thereafter, Plaintiff worked in various positions. T 670.

Plaintiff claims disability due to "problems with [her] liver and gall bladder," diabetes, and "constant infections." T 94. In addition, Plaintiff claims that she suffers from sleep apnea; complications stemming from a hysterectomy; and head injuries resulting from a slip-and-fall accident. T 92, 103, 667, 680-81.

**IV.   THE ALJ'S DECISION**

In determining that Plaintiff was not disabled, the ALJ made the following findings:

1.   Plaintiff had not engaged in substantial gainful activity since the date she applied for benefits. T 18.

2.   Plaintiff's obesity, insulin-dependent diabetes mellitus, osteopenia, degenerative

5

>    changes of the lumbar spine, hyperactive airways disease, headaches, and sleep apnea were severe impairments.  T 18.
>
> 3.  Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment.  T 18.
>
> 4.  Plaintiff had the RFC to lift and/or carry up to ten pounds occasionally; sit for a total of six hours in an eight-hour workday; stand for a total of one hour in an eight-hour workday; walk for a total of one hour in an eight-hour workday; reach, push, or pull occasionally; climb stairs and ramps occasionally; balance, stoop, kneel, crouch, or crawl occasionally; never climb ladders or scaffolds; and never work at unprotected heights.  T 18-20.
>
> 5.  Plaintiff had the RFC to perform her past relevant work as a data entry clerk.  T 20.  Therefore, Plaintiff was not disabled.  T 20-21.

### V. DISCUSSION

#### A. RFC and Treating Physician's Opinion

Plaintiff argues that the RFC determination is not supported by substantial evidence because the ALJ failed to fully develop the record and to follow the treating physician rule.  Dkt. No. 17 at 18-21.  Defendant argues that the RFC determination is supported by substantial evidence and that the ALJ properly evaluated the opinion evidence.  Dkt. No. 20 at 13-18.

A claimant's RFC represents a finding of the range of tasks he or she is capable of performing notwithstanding the impairments at issue.  20 C.F.R. § 404.1545(a).  An RFC determination is informed by consideration of a claimant's physical abilities, mental abilities, symptomology, including pain, and other limitations which could interfere with work activities on a regular and continuing basis.  *Id.*; *Martone v. Apfel*, 70 F. Supp. 2d 145, 150 (N.D.N.Y. 1999).

Initially, the Court notes that Plaintiff's arguments are inconsistent.  Plaintiff argues that

6

the ALJ should have recontacted Dr. S. Gardezi, a treating physician, in order to obtain his complete opinion. Dkt. No. 17 at 20-21. However, Plaintiff also appears to argue that the ALJ should have followed the treating physician rule and afforded controlling weight to Dr. Gardezi's opinion, which Plaintiff claims was "consistent" with other medical evidence in the record. *Id.* at 20. In any event, the Court will address both arguments.

The duty of an ALJ to develop the record is "particularly important" when obtaining information from a claimant's treating physician due to the "treating physician" provisions in the regulations. *Devora v. Barnhart*, 205 F. Supp. 2d 164, 172 (S.D.N.Y. 2002); *see Rosa*, 168 F.3d at 80 (citing *Clark v. Commissioner of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998)). Those provisions provide that the medical opinions of a treating physician are given "controlling weight" as long as they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and are not inconsistent with other substantial evidence contained in the record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Even if the treating physician's opinion is contradicted by substantial evidence and thus is not controlling, it still may be entitled to significant weight "because the treating source is inherently more familiar with a claimant's medical condition than are other sources." *Schisler v. Bowen*, 851 F.2d 43, 47 (2d Cir. 1988). However, if not controlling, the proper weight given to a treating physician's opinion depends upon the following factors: (1) the length of the treatment relationship and frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the medical evidence in support of the opinion; (4) the consistency of the opinion with the record as a whole; (5) whether the opinion is from a specialist; and (6) any other factors that tend to support or contradict the

opinion. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Here, the ALJ found that Plaintiff retained the RFC to lift and/or carry up to ten pounds occasionally; sit for a total of six hours in an eight-hour workday; stand for a total of one hour in an eight-hour workday; walk for a total of one hour in an eight-hour workday; reach, push, or pull occasionally; climb stairs and ramps occasionally; balance, stoop, kneel, crouch, or crawl occasionally; never climb ladders or scaffolds; and never work at unprotected heights. T 18-19.

In making this determination, the ALJ explained that he afforded "little" weight to three "physician statements," two of which contain Dr. Gardezi's signature. T 19. The first statement from Dr. Gardezi is dated October 26, 2007 ("2007 Opinion"). T 489. The second statement is dated January 18, 2008 ("2008 Opinion"). T 533-34. However, the ALJ failed to identify any specific information contained in the opinions, and even failed to indicate who rendered the opinions by name. The ALJ simply referred to the opinions by their location in the record, "Exhibit C-27F, page 1; Exhibit C-28F, page 10; Exhibit C-33F." T 19. He then found that the statements "are not well supported by reference to objective medical evidence (as opposed to the claimant's subjective complaints)." T 19.

However, Dr. Gardezi clearly cited objective medical findings to support his 2008 opinion. T 533. Dr. Gardezi cited the following: laboratory work, EKGs, CT scan, bone densitometry, ENT, "dexa scan," EEG, "Celiac Axis Angiogram," "ortho referral," "urology," [and] "carotid artery duplex."[2] T 533.

Defendant recognizes in his brief that Dr. Gardezi identified supporting evidence. Dkt.

---

[2] Dr. Gardezi also included a phrase that appears to state "University Concussion Clinic." T 533.

8

No. 20 at 16 ("Dr. Gardezi notes that the diagnostic findings of record including lab work, EEG, EKGs, etc. support his functional assessment."). However, Defendant vaguely argues that the "diagnostic studies and laboratory findings were essentially normal," therefore, the ALJ properly afforded "little weight" to the opinion of Dr. Gardezi. *Id.* at 16-17.

Defendant fails to identify the specific diagnostic studies and laboratory findings that were "essentially normal" in the portion of Defendant's brief devoted to the treating physician's opinion. Dkt. No. 20 at 16-18. Instead, Defendant refers the reader to the diagnostic studies and laboratory findings "[a]s discussed above." *Id.* at 16-17. Defendant apparently is referring to a summary of evidence in a prior section of his brief in which several "normal" medical findings are cited. However even in that summary of evidence, Defendant himself noted that a CT scan of Plaintiff's cervical spine showed degenerative changes at the C6-C7 disc level. Dkt. No. 20 at 15 (citing T 322).

In any event, the ALJ failed to discuss all of the factors set forth in the regulations before affording these opinions "little" weight, as required. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Therefore, the matter in this regard should be remanded in order for the ALJ to properly analyze the treating physician's opinion. Accordingly, the Court is unable to find that the RFC determination is supported by substantial evidence because the ALJ erred in his assessment of the opinion evidence.

Regarding Plaintiff's argument that the ALJ should have recontacted Dr. Gardezi to "obtain his complete opinion of [Plaintiff's] functional limitations," Plaintiff appears to refer to Dr. Gardezi's **2007** opinion, which did not address Plaintiff's exertional limitations. Dkt. No. 17

9

at 20-21. However, the **2008** opinion addressed whether Plaintiff had sitting, standing, walking, and lifting limitations, and whether Plaintiff was disabled from performing substantial gainful activity. T 534. Therefore, I find that Plaintiff's argument is moot in light of the more recent opinion from Dr. Gardezi. Accordingly, I see no reason to recommend remand on this basis.

### B. Credibility

#### 1. Plaintiff's Credibility

Plaintiff argues that the ALJ failed to properly assess her credibility. Dkt. No. 17 at 21-24. Defendant argues that the ALJ properly evaluated Plaintiff's credibility. Dkt. No. 20 at 18-21.

"An [ALJ] may properly reject [subjective complaints] after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must set forth his or her reasons 'with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence.'" *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (quoting *Gallardo v. Apfel*, Civ. No. 96-9435, 1999 WL 185253, at *5 (S.D.N.Y. Mar. 25, 1999)).

To satisfy the substantial evidence rule, the ALJ's credibility assessment must be based on a two-step analysis of pertinent evidence in the record. 20 C.F.R. § 404.1529; *see also Foster v. Callahan*, Civ. No. 96-1858, 1998 WL 106231, at *5 (N.D.N.Y. Mar. 3, 1998). First, the ALJ must determine, based upon the claimant's objective medical evidence, whether the medical impairments "could reasonably be expected to produce the pain or other symptoms alleged . . . ." 20 C.F.R. § 404.1529(a). Second, if the medical evidence alone establishes the existence of such

impairments, then the ALJ need only evaluate the intensity, persistence, and limiting effects of a claimant's symptoms to determine the extent to which they limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c). When the objective evidence alone does not substantiate the intensity, persistence, or limiting effects of the claimant's symptoms, the ALJ must assess the credibility of the claimant's subjective complaints by considering the record in light of the following symptom-related factors: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms. 20 C.F.R. § 404.1529(c)(3). An ALJ's evaluation of a plaintiff's credibility is entitled to great deference if it is supported by substantial evidence. *Murphy v. Barnhart*, No. 00-9621, 2003 WL 470572, at *10 (S.D.N.Y. Jan. 21, 2003) (citations omitted)).

      Here, the ALJ found that Plaintiff's subjective complaints were not fully credible. T 20. The ALJ explained that Plaintiff "maintains a reasonable activity level;" that Plaintiff's "poorly controlled blood sugar levels are often the result of non-compliance with prescribed treatment;" and that Plaintiff had a "history of arguing with medical providers, making unreasonable demands, and generally not cooperating in the doctor-patient relationship." *Id.*

      While the foregoing findings may be true, the ALJ failed to discuss all of the factors set forth in the regulations, as required. For instance, the ALJ failed to discuss the location, duration, frequency, and intensity of claimant's symptoms; any precipitating and aggravating

11

factors; the type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; other treatment received to relieve symptoms; any measures taken by the claimant to relieve symptoms.

Moreover, it is also unclear what weight the ALJ gave to Plaintiff's statements. An ALJ's decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the ALJ gave to the individual's statements and the reasons for that weight. SSR 96-7p, 1996 WL 374186, at *2 (S.S.A. July 2, 1996). Here, the ALJ simply stated that Plaintiff's subjective complaints were not fully credible. T 20.

In light of the foregoing, the Court is unable to find that the credibility determination is supported by substantial evidence. Therefore, the matter should be remanded in order for the ALJ to properly analyze Plaintiff's credibility.

### 2.     Witnesses' Credibility

Plaintiff argues that the ALJ failed to acknowledge or evaluate the hearing testimony provided by two "lay witnesses," Anna Deljunro (Plaintiff's "landlady"), and John Totari (Plaintiff's fiancee). Dkt. No. 17 at 21-22. Defendant argues that the ALJ committed no such error because the ALJ discussed these witnesses in his decision and was not required to explicitly set forth and analyze every piece of evidence in the record. Dkt. No. 20 at 19-21.

An ALJ must consider descriptions and observations of a claimant's limitations from a claimant's impairment(s) that are provided by family, neighbors, friends, or other persons. 20 C.F.R. § 404.1545(a)(3). Here, the ALJ specifically noted that two witnesses testified in support

of Plaintiff at the hearing on November 8, 2007.  T 20.  He then found that the testimony of these witnesses was not fully credible in light of certain information contained in the record.  *Id.*

Accordingly, the ALJ considered the testimony from the witnesses, specifically discussed the witnesses in his decision, and found that the witnesses were not entirely credible.  Therefore, the Court sees no reason to recommend remanding the matter in this regard.

### C.    Past Relevant Work

Plaintiff argues that the ALJ's finding that Plaintiff could perform her past relevant work as a data entry clerk was not supported by substantial evidence because the RFC determination was flawed, and because the hypothetical questions posed to the vocational expert were not a "complete and accurate portrayal" of Plaintiff's limitations.  Dkt. No. 17 at 24-25.  Defendant argues that the ALJ's determination is supported by substantial evidence.  Dkt. No. 20 at 21-23.

Because the Court is recommending remand for several reasons, including because the Court is unable to find that the RFC determination was supported by substantial evidence, the Court recommends remand on this issue as well.  Upon remand, the ALJ shall obtain the opinion of a vocational expert if Plaintiff's nonexertional limitations present significant limitations.  *See Bapp v. Bowen*, 802 F.2d 601, 605-06 (2d Cir. 1986) (holding that if a claimant's nonexertional impairments "significantly limit the range of work permitted by his exertional limitations" the application of the grids is inappropriate).

**WHEREFORE**, for the reasons set forth above, it is hereby

**RECOMMENDED**, the Commissioner's determination of no disability be VACATED and the matter REMANDED to the agency for further consideration.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: July 26, 2010
      Syracuse, New York

George H. Lowe
United States Magistrate Judge